ORIGINAL
FILED

07 NOV 29 PH 12: 36

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:   (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:       matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   SONY BMG MUSIC ENTERTAINMENT;
7  UMG RECORDINGS, INC.; CAPITOL
   RECORDS, INC.; ATLANTIC
8  RECORDING CORPORATION; and
   WARNER BROS. RECORDS INC.
9

E-filing

SC

10              UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF CALIFORNIA
11

12          CV 07              6035

13  SONY BMG MUSIC ENTERTAINMENT, a          CASE NO.
    Delaware general partnership; UMG
14  RECORDINGS, INC., a Delaware corporation;   *EX PARTE* APPLICATION FOR LEAVE
    CAPITOL RECORDS, INC., a Delaware          TO TAKE IMMEDIATE DISCOVERY
15  corporation; ATLANTIC RECORDING
    CORPORATION, a Delaware corporation; and
16  WARNER BROS. RECORDS INC., a Delaware
17  corporation,
18              Plaintiffs,
19        v.
20  JOHN DOE,
21              Defendant.
22
23
24
25
26
27
28

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#34018 v1

1    Plaintiffs, through their undersigned counsel, pursuant to Federal Rules of Civil Procedure 26

2    and 45, the Declaration of Carlos Linares, and the authorities cited in the supporting Memorandum

3    of Law, hereby apply *ex parte* for an Order permitting Plaintiffs to take immediate discovery.

4    In support thereof, Plaintiffs represent as follows:

5    1.    Plaintiffs, record companies who own the copyrights in the most popular sound

6    recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a

7    third party Internet Service Provider ("ISP") to determine the true identity of Defendant , who is

8    being sued for direct copyright infringement.[1]

9    2.    As alleged in the complaint, Defendant , without authorization, used an online media

10   distribution system to download Plaintiffs' copyrighted works and/or distribute copyrighted works to

11   the public.  Although Plaintiffs do not know the true name of Defendant , Plaintiffs have identified

12   Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and time

13   of Defendant's infringing activity.

14   3.    Plaintiffs intend to serve a Rule 45 subpoena on the ISP seeking documents that

15   identify Defendant's true name, current (and permanent) address and telephone number, e-mail

16   address, and Media Access Control ("MAC") address.  Without this information, Plaintiffs cannot

17   identify Defendant  or pursue their lawsuit to protect their copyrighted works from repeated

18   infringement.

19   4.    Good cause exists to allow Plaintiffs to conduct this limited discovery in advance of a

20   Rule 26(f) conference where there are no known defendants with whom to confer.

21

22

23

24

25

26   ------------------------------------

27   [1] Because Plaintiffs do not yet know Defendant's true identity, Plaintiffs are unable to personally serve Defendant with a copy of this motion.  Instead, Plaintiffs will serve the Clerk of Court pursuant to Fed. R. Civ. P. 5(b)(2)(C) ("If the person served has no known address, [service under Rule 5(a) is made by] leaving a copy with the clerk of the court.") and will serve Defendant's ISP with a copy of this motion.  Additionally, if the Court grants this

28   motion, Plaintiffs will ask the ISP to notify the Defendants of the subpoena and provide Defendant with an opportunity to object.

1

1      WHEREFORE, Plaintiffs apply *ex parte* for an Order permitting Plaintiffs to conduct the

2  foregoing requested discovery immediately.

3

4  Dated:  November 29, 2007                    HOLME ROBERTS & OWEN LLP

5

6                                              By: _____

7                                                  MATTHEW FRANKLIN JAKSA
                                                   Attorney for Plaintiffs
8                                                  SONY BMG MUSIC
                                                   ENTERTAINMENT; UMG
9                                                  RECORDINGS, INC.; CAPITOL
                                                   RECORDS, INC.; ATLANTIC
10                                                 RECORDING CORPORATION; and
                                                   WARNER BROS. RECORDS INC.
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#34018 v1